**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: ROSS, GLENN M.                      § Case No. 09-05421
                                           §
                                           §
Debtor(s)                                  §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on February 20, 2009.  The undersigned trustee was appointed on August 28, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of        $         28,648.75

   Funds were disbursed in the following amounts:
   Payments made under an
     interim distribution                                          0.00
   Administrative expenses                                         0.00
   Bank service fees                                             120.68
   Other payments to creditors                                     0.00
   Non-estate funds paid to 3rd Parties                            0.00
   Exemptions paid to the debtor                                   0.00
   Other payments to the debtor                                    0.00

   Leaving a balance on hand of [1]    $         28,528.07

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 11/20/2013 and the deadline for filing governmental claims was 11/20/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,707.27. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,707.27, for a total compensation of $2,707.27.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/07/2014            By: /s/EUGENE CRANE
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 09-05421　　　　　　　　　　　　　　**Trustee:** (330350) EUGENE CRANE
**Case Name:** ROSS, GLENN M.　　　　　　　　　　　**Filed (f) or Converted (c):** 02/20/09 (f)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**§341(a) Meeting Date:** 03/30/09
**Period Ending:** 08/07/14　　　　　　　　　　　　　**Claims Bar Date:** 11/20/13

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) | | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| Ref. # | | | | | | |
| 1 | Real Estate located at 3772 W. Myrick, Chicago 6 | 162,729.00 | 0.00 | | 0.00 | FA |
| 2 | Real Estate located at 336, IL 60440 | 250,000.00 | 0.00 | | 0.00 | FA |
| 3 | Checking account with Bank of America | 30.00 | 30.00 | | 0.00 | FA |
| 4 | Savings account with Credit Union | 10.00 | 10.00 | | 0.00 | FA |
| 5 | Miscellaneous used household goods | 800.00 | 800.00 | | 0.00 | FA |
| 6 | Personal used clothing | 300.00 | 300.00 | | 0.00 | FA |
| 7 | Employer - Term Life Insurance - no cash surrend | 0.00 | 0.00 | | 0.00 | FA |
| 8 | Wells Fargo - Term life policy - No cash surrend | 0.00 | 0.00 | | 0.00 | FA |
| 9 | Pension through employer - County Employees' Anu | 53,893.82 | 53,893.82 | | 0.00 | FA |
| 10 | Expected tax refund for 2008 based on previous y | 5,762.00 | 5,762.00 | | 0.00 | FA |
| 11 | 2005 Suzuki Hayabusa with 1,500 miles Value base | 6,395.00 | 6,395.00 | | 0.00 | FA |
| 12 | 2007 cadillac escalade with 18,000 miles Value b | 32,815.00 | 32,815.00 | | 0.00 | FA |
| 13 | Checking account with Bank of America DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 14 | Savings account with Credit UnionDUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 15 | Miscellaneous used household goods DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 16 | Personal used clothing DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 17 | Duty handgun | 700.00 | 700.00 | | 0.00 | FA |
| 18 | off duty handgun | 500.00 | 500.00 | | 0.00 | FA |
| 19 | Employer - Term Life Insurance -DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 20 | Wells Fargo-Term Life Policy DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 21 | Pension through employer - DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 22 | Expected tax refund for 2008 DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 23 | 2005 Suzuki Hayabusa DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 24 | 2007 cadillac escalade DUPE ASSET | 0.00 | 0.00 | | 0.00 | FA |
| 25 | Wrongful Termination Lawsuit (u) Case Re-opened to administer this asset. | Unknown | 25,000.00 | | 28,648.75 | FA |
| **25** | **Assets　Totals** (Excluding unknown values) | **$513,934.82** | **$126,205.82** | | **$28,648.75** | **$0.00** |

Printed: 08/07/2014 12:21 PM　　V.13.15

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 09-05421  
**Case Name:** ROSS, GLENN M.  

**Trustee:** (330350) EUGENE CRANE  
**Filed (f) or Converted (c):** 02/20/09 (f)  
**§341(a) Meeting Date:** 03/30/09  

**Period Ending:** 08/07/14  
**Claims Bar Date:** 11/20/13  

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Major Activities Affecting Case Closing:**

03/31/2014: According to accountant there will be tax liability.  Will file motion to employ Lois West, CPA to prepare estate tax returns. (dk)

03/20/2014: Settlment reached and approved by BK Court ; waiting for settlement checks (dk)

08/19/2013: Special counsel advised that Judge recommended a global settlement whereby Ttee would get $30,000.00 (after payment of fees etc.).  EC accepted. However, the Sheriff's office could still reject the recommendation. (dk)

03/30/2013: Special counsel retained (dk)

01/15/2013: Will retain special csl in civil lawsuit .  Atty says it may or may not settle parties are far apart on the agreement (dk)

08/14/12: Re-opened to administer lawsuit.  Value unknown at this point, it is going to trial (dk)

04/03/2009: Original NA filed (dk)

**Initial Projected Date Of Final Report (TFR):**    December 31, 2014    **Current Projected Date Of Final Report (TFR):**    December 31, 2014

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 09-05421  
**Case Name:** ROSS, GLENN M.  
**Taxpayer ID #:** **-***3155  
**Period Ending:** 08/07/14

**Trustee:** EUGENE CRANE (330350)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******2066 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 03/31/14 | {25} | Kurtz Law Offices, Ltd. | Settlement for Civil Rights Litigation | 1249-000 | 3,648.75 | | 3,648.75 |
| 03/31/14 | {25} | Kurtz Law Offices, Ltd. | Settlement for Civil Rights Litigation | 1249-000 | 25,000.00 | | 28,648.75 |
| 04/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 39.83 | 28,608.92 |
| 05/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 41.14 | 28,567.78 |
| 06/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 39.71 | 28,528.07 |
| | | | ACCOUNT TOTALS | | 28,648.75 | 120.68 | $28,528.07 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 28,648.75 | 120.68 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $28,648.75 | $120.68 | |

Net Receipts : 28,648.75  
Net Estate : $28,648.75

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******2066 | 28,648.75 | 120.68 | 28,528.07 |
| | $28,648.75 | $120.68 | $28,528.07 |

{} Asset reference(s)    Printed: 08/07/2014 12:21 PM    V.13.15

# Claims Proposed Distribution

## Case:  09-05421   ROSS, GLENN M.

**Case Balance:** $28,528.07    **Total Proposed Payment:** $28,528.07    **Remaining Balance:** $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---:|---:|---:|---:|---:|---:|
| | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 113.87 | 113.87 | 0.00 | 113.87 | 113.87 | 28,414.20 |
| | <3120-00  Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
| | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 6,536.50 | 6,536.50 | 0.00 | 6,536.50 | 6,536.50 | 21,877.70 |
| | <3110-00  Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| | EUGENE CRANE | Admin Ch. 7 | 2,707.27 | 2,707.27 | 0.00 | 2,707.27 | 2,707.27 | 19,170.43 |
| | <2100-00  Trustee Compensation> | | | | | | | |
| | Popowcer Katten, Ltd. | Admin Ch. 7 | 980.00 | 980.00 | 0.00 | 980.00 | 980.00 | 18,190.43 |
| | <3410-00  Accountant for Trustee Fees (Other Firm)> | | | | | | | |
| 1 | Credit Union 1 | Unsecured | 6,362.92 | 6,362.92 | 0.00 | 6,362.92 | 6,362.92 | 11,827.51 |
| 2 | Sallie Mae | Unsecured | 2,435.52 | 2,435.52 | 0.00 | 2,435.52 | 2,435.52 | 9,391.99 |
| 1I | Credit Union 1 | Unsecured | 228.49 | 228.49 | 0.00 | 228.49 | 228.49 | 9,163.50 |
| 2I | Sallie Mae | Unsecured | 87.46 | 87.46 | 0.00 | 87.46 | 87.46 | 9,076.04 |
| SURPLUS | ROSS, GLENN M. | Unsecured | 9,076.04 | 9,076.04 | 0.00 | 9,076.04 | 9,076.04 | 0.00 |
| | **Total for Case 09-05421 :** | | **$28,528.07** | **$28,528.07** | **$0.00** | **$28,528.07** | **$28,528.07** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---:|---:|---:|---:|---:|
| **Total Administrative Claims :** | $10,337.64 | $10,337.64 | $0.00 | $10,337.64 | 100.000000% |
| **Total Unsecured Claims :** | $18,190.43 | $18,190.43 | $0.00 | $18,190.43 | 100.000000% |

**TRUSTEE'S PROPOSED DISTRIBUTION** Exhibit D

Case No.: 09-05421
Case Name: ROSS, GLENN M.
Trustee Name: EUGENE CRANE

**Balance on hand:** $ 28,528.07

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 28,528.07

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - EUGENE CRANE | 2,707.27 | 0.00 | 2,707.27 |
| Attorney for Trustee, Fees - Crane, Heyman, Simon, Welch & Clar | 6,536.50 | 0.00 | 6,536.50 |
| Attorney for Trustee, Expenses - Crane, Heyman, Simon, Welch & Clar | 113.87 | 0.00 | 113.87 |
| Accountant for Trustee, Fees - Popowcer Katten, Ltd. | 980.00 | 0.00 | 980.00 |

Total to be paid for chapter 7 administration expenses: $ 10,337.64
Remaining balance: $ 18,190.43

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 18,190.43

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 18,190.43 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 8,798.44 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Credit Union 1 | 6,362.92 | 0.00 | 6,362.92 |
| 2 | Sallie Mae | 2,435.52 | 0.00 | 2,435.52 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 8,798.44 |
| Remaining balance: | $ | 9,391.99 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 9,391.99 |

**UST Form 101-7-TFR (05/1/2011)**

Document Page 9 of 9

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |
| | | Total to be paid for subordinated claims: | **$** | 0.00 |
| | | Remaining balance: | $ | 9,391.99 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.6% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $315.95. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $9,076.04.

**UST Form 101-7-TFR (05/1/2011)**